**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

_____
|  |  |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-CV-4949 |
| | ) |
| EMPIRE HOLDINGS GROUP LLC, | ) **ORAL ARGUMENT REQUESTED** |
| d/b/a ECOMMERCE EMPIRE BUILDERS | ) |
| and STOREFUNNELS.NET, a limited liability | ) |
| company, and PETER PRUSINOWSKI | ) |
| Individually and as officer of | ) |
| Empire Holdings Group LLC, | ) |
| | ) |
| Defendants. | ) |
_____

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS COMPLAINT**

Clair E. Wischusen (Bar No. 306752)
Ryan Poteet (*pro hac vice*)
Stephan Freeland (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel. (202) 399-1009
Fax (202) 800-2999
cwischusen@grsm.com
rpoteet@grsm.com
sfreeland@grsm.com

*Attorneys for Defendants,
Empire Holdings Group LLC and
Peter Prusinowski*

Defendants Empire Holdings Group LLC d/b/a E-Commerce Empire Builders d/b/a ECommerce Empire Builders ("EEB") and Storefunnels.net and Peter Prusinowski (collectively, "Defendants"), submit this Memorandum of Law in Support of their Motion to Dismiss Counts II, III, and IV of the FTC's Complaint (ECF No. 1) pursuant to Rule 12(b)(6) for failure to state a claim.

## INTRODUCTION

The FTC filed this action challenging the advertising of Defendants' e-commerce education and business consulting services. Because the U.S. Supreme Court's *AMG Capital* decision held that the FTC cannot recover money under Section 5 of the FTC Act, the FTC tries to shoehorn its claims under the Business Opportunity Rule, 16 C.F.R. § 437. The FTC purports to bring three claims for violation of the Business Opportunity Rule, but none state a claim for relief because EEB's services are not a "business opportunity" in light of the plain language of the Rule and the FTC's own statements about it. Because the Business Opportunity Rule does not apply to EEB's services, the FTC cannot prevail on Counts II, III, and IV and those claims should be dismissed.

## PROCEDURAL HISTORY

On September 18, 2024, the FTC filed a Complaint (ECF No. 1) against Defendants for alleged violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Business Opportunity Rule, 16 C.F.R. § 437, and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b. As to the Business Opportunity Rule, the Complaint purports to assert three counts: Count II – Misrepresentations Regarding Income or Profits; Count III – Earning Claims to Prospective Purchasers Violations; and Count IV – Disclosure Document Violations. ECF No. 1 at ¶¶ 62-67.

The FTC also moved for a temporary restraining order with asset freeze, appointment of a

receiver, and other equitable relief. ECF No. 2. The FTC admits in its TRO Motion that "[a]sset freezes premised solely on Section 13(b) liability are no longer available in FTC enforcement actions following the Supreme Court's decision in *AMG Capital Management v. FTC*, 593 U.S. 67 (2021)." ECF No. 2 at p. 24, n. 108 (collecting authorities). The FTC further acknowledges that, "[a]n asset freeze is [only] appropriate once the Court determines that the FTC is likely to prevail on the merits of a Section 19 claim and it is an appropriate way to preserve money to redress injured consumers." *Id.* at 35.

On September 20, 2024, the Court held a hearing on the FTC's TRO Motion. ECF No. 21. On the same day, the Court granted the TRO solely on the FTC's Section 5(a) claim, notwithstanding the FTC's admission that an asset freeze is unavailable on a Section 5(a) claim for which relief is limited to that provided for in Section 13(b). ECF No. 19 at 2 ("The Court finds that the FTC has satisfied its burden to obtain a Temporary Restraining Order pursuant to Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)."). During the hearing, the Court expressly declined to reach whether the FTC had satisfied its burden to obtain a TRO based on the FTC's Section 19 claims under the Business Opportunity Rule or the CRFA. Defendants now move for dismissal of the FTC's Business Opportunity Rule claims for failure to state plausible claims for relief.

## FACTUAL ALLEGATIONS

The FTC claims that Defendants deceptively market and sell ecommerce business services to consumers. ECF No. 1 at ¶ 2. In trying to wedge its claims into the Business Opportunity Rule, the FTC repeatedly refers to Defendants' services as "business opportunities." *See*, *e.g.*, ECF No. 1 at ¶¶ 2, 3, 8, 9, 11, 13, 14, 15, 16, 18, 20, 22, 23, 24, 26, 29, 30, 35, 39, 40, 45, 47, 51, 55, 57, 59, 62, 64, 66, 74. However, the FTC's allegations make clear that Defendants' services solely consisted of ecommerce education and business consulting services which the FTC has

acknowledged are not covered by the Business Opportunity Rule.[1]  Specifically, the FTC describes Defendants' services as "business strategies" and "ecommerce programs" which claim to "teach consumers how to run a very profitable ecommerce business."  ECF No. 2 at 1, 2 at 9, 11.  The FTC asserts that "Defendants' self-study program (aka 'Ecommerce Empire Academy') purports to provide instructional videos that teach clients everything that they need to know to create and implement their own online ecommerce stores[,]" but it "takes many hours to review, and clients also need to spend significant amounts of time and effort implementing the strategies and instructions explained."  *See id.* at 10-11.  The FTC further asserts that "EEB . . . provides a *flawed business development strategy and model* that cannot compete with Amazon and other major seller sites[,]" that "Defendants' *business strategies and tactics* are more complicated and labor-intensive than described in Defendants' marketing[,]" and that a consumer reported that "*the course* is lacking the support system to help student[s] launch the business."  *See id.* at 13-15 (emphases added).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] As detailed more below, in November 2022, the FTC issued an Advance Notice of Proposed Rulemaking that seeks to expand the scope of the Business Opportunity Rule to include certain programs not currently covered by the Rule.  87 Fed. Reg. 72428-01 (Nov. 25, 2022).  The Notice and an accompanying statement from FTC Chair Lina Khan identify "business coaching and ecommerce opportunities" as examples of programs not currently covered by the Rule.

defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint is construed "in the light most favorable to the plaintiff" to determine "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court "takes note of the elements that must be pled to state a claim, then—taking all non-conclusory well-pleaded facts as true—determines whether those facts state a plausible claim for relief." *Russ v. North American Rescue*, LLC, No. 21-cv-4238-WB, 2024 WL 3557441 (E.D. Pa. July 26, 2024) (internal quotation marks and citations omitted).

## ARGUMENT

Counts II, III, and IV of the Complaint fail to state a claim under the FTC's Business Opportunity Rule because EEB's services are not a "Business Opportunity" under the Rule. The Business Opportunity Rule narrowly defines what constitutes a "business opportunity." The Rule provides:

> (c) ***Business opportunity*** means a commercial arrangement in which:
>
> (1) A seller solicits a prospective purchaser to enter into a new business; and
>
> (2) The prospective purchaser makes a required payment; and
>
> (3) The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:
>
> > (i) Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or
> >
> > (ii) Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or
> >
> > (iii) Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not

> limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

16 C.F.R. § 437.1(c).  In issuing the Business Opportunity Rule, the FTC also made clear that the final rule's definition of "business opportunity" was intentionally narrow, explaining:

> [T]he [initial proposed rule] would have unintentionally swept in numerous commercial arrangements, including retail product distribution, training and/or educational organizations, where there was little or no evidence that fraud was occurring. Recognizing this legitimate concern, the Commission, in the [revised rule], proposed to narrow the definition of "business opportunity." Specifically, the [revised rule] provided that the "required payment" prong of the business opportunity definition would not include payments for the purchase of reasonable amounts of inventory at bona fide wholesale prices; eliminated as an element of the business opportunity definition the making of an earnings claim; and narrowed the types of "business assistance" that would trigger the business opportunity definition to just those types of assistance that are the hallmark of business opportunity fraud: Location, account, and "buy-back" assistance.

76 Fed. Reg. 76816-01, 76819, 76820 (Dec. 8, 2011).  Indeed, the FTC made clear that the final rule's definition of "business opportunity" would not even include multi-level marketing ("MLM") companies, explaining "the Commission determined that the [initial proposed rule] was unworkable with respect to MLMs and would have imposed greater burdens on the MLM industry than other types of business opportunity sellers without sufficient countervailing benefits to consumers."  76 Fed. Reg. 76816-01, 76819 (Dec. 8, 2011).

More recently, the FTC has further highlighted the narrow scope of the Business Opportunity Rule.  In its November 2022 Advance Notice of Proposed Rulemaking Concerning the Business Opportunity Rule, the FTC explained:

> The Commission is … soliciting comments to inform its consideration of whether the Rule should be extended to include business opportunities and other money-making opportunity programs not currently covered by the Rule, including business coaching and work-from-home programs, investment coaching programs, and e-commerce opportunities.

87 Fed. Reg. 72428-01, 72429 (Nov. 25, 2022).  Accordingly, the FTC asked:

> Should the Rule be expanded to more broadly include coaching or mentoring programs, work-from-home opportunities, e-commerce opportunities, other investment opportunities, or other types of business or money-making opportunities not currently covered by the Business Opportunity Rule?

87 Fed. Reg. 72428-01, 72430 (Nov. 25, 2022). In her accompanying statement, FTC Chair Lina Khan further explained:

> [The Business Opportunity Rule is] written in a way that doesn't necessarily capture some business models and practices that have become more widespread in the decade since it was last amended. …. The [Advanced Notice of Proposed Rulemaking] notes several varieties of scams that may fall outside the scope of the existing rule. These include certain kinds of business coaching and work-from-home programs, investment programs, and e-commerce opportunities.

87 Fed. Reg. 72428-01, 72433 (Nov. 25, 2022). To date, the FTC has not issued a new and broader Business Opportunity Rule. Yet, it is exactly because the current Business Opportunity Rule is so narrow, and does not include activities like business coaching and e-commerce opportunities, that the FTC wants to issue a new and broader rule.

In this case, however, the FTC is ignoring its admissions as well as the rulemaking process and simply trying to expand the scope of the Business Opportunity Rule in litigation. EEB's services do not constitute a "business opportunity" under the Business Opportunity Rule because EEB does not sell a business to their clients, nor does it provide clients with any customers, outlets, or accounts, nor does it provide any kind of "buy back" assistance. Rather, as the FTC's own pleadings show, EEB provides e-commerce education, consulting, and software services to clients who form and have their *own* independent e-commerce businesses and who make their *own* decisions about products, product fulfillment, and customer acquisition.

The fact that the Business Opportunity Rule does not apply here is further reinforced by the FTC's past cases and its statements about them. In its Advance Notice of Proposed Rulemaking, the FTC cited several cases where it did not bring, and apparently recognized it could

not bring, a claim under the Business Opportunity Rule. The FTC identified the following cases concerning "coaching or mentoring programs": *FTC v. OTA Franchise Corp.*, No. 8:20-cv-287 (C.D. Cal. filed 2020); *FTC v. Ragingbull.com, LLC*, No. 1:20-cv-3538 (D. Md. filed 2020); *FTC v. Zurixx LLC*, No. 2:19-cv-713 (D. Utah filed 2019); *FTC v. Nudge LLC*, No. 2:19-cv-867 (D. Utah filed 2019); *FTC v. Mobe Ltd.*, No. 6:18-cv-862 (M.D. Fla. filed 2018); *FTC v. Digit. Altitude*, No. 2:18-cv-0729 (C.D. Cal. filed 2018). The FTC identified these cases concerning "work-from-home opportunities": *FTC v. Moda Latina BZ Inc.*, No. 2:20-cv-10832 (C.D. Cal. filed 2020); *FTC v. 8 Figure Dream Lifestyle LLC*, No. 8:19-cv-1165 (C.D. Cal. filed 2019). The FTC identified these concerning "e-commerce opportunities": *FTC v.* Nat*'l Web Design, LLC*, No. 2:20-cv-846 (D. Utah filed 2020); *FTC v.* A*dvert. Strategies, LLC*, No. 2:16-cv-3353 (D. Ariz. filed 2016). Even though the activities at issue may have qualified as promoting a "business opportunity" under the ordinary meaning of the words, the activities were not a "business opportunity" within the scope of the Business Opportunity Rule. The same is true here.

The FTC's description of the coaching and mentoring services at issue in *FTC v. Mobe Ltd.*, No. 6:18-cv-862 (M.D. Fla. Filed 2018) is especially analogous to the FTC's allegations against Defendants here. Specifically, the FTC's Complaint alleged that the *Mobe* defendants falsely advertised "a fraudulent business education program called 'My Online Business Education' or 'MOBE'" and "[t]hrough their program, [d]efendants claim to reveal a simple 21-step system that will show consumers how to quickly and easily start their own online business and make substantial income." *See id.* at Dkt. 1, FTC Complaint in *Mobe*, attached hereto as Exhibit "A." In the FTC's press release about the *Mobe* case, the FTC similarly alleged that "MOBE falsely claimed that its business education program would enable people to start their own online businesses and earn substantial income quickly and easily using a 'proven' 21-step system."

*See* https://www.ftc.gov/news-events/news/press-releases/2022/04/federal-trade-commission-returns-more-23-million-consumers-deceived-online-business-coaching-scheme attached hereto as Exhibit "B." Notably, the FTC's claims against the *Mobe* defendants did not include a claim under the Business Opportunity Rule. *See* Exhibit "A" at ¶¶101-104. Nor can the FTC state a Business Opportunity Rule claim against EEB here.

## CONCLUSION

While the FTC wishes the Business Opportunity Rule had broad and broader scope, it does not. The FTC's position in this case cannot be reconciled with the plain language of the Business Opportunity Rule or the FTC's very own statements in the Federal Register about it. Because the FTC cannot state a claim under the Business Opportunity Rule against EEB as a matter of law, Counts II, III, and IV of the FTC's Complaint should be dismissed.

Date: September 24, 2024                                        Respectfully submitted,

                                                                           */s/ Clair E. Wischusen*
Clair E. Wischusen (Bar No. 306752)
Ryan Poteet (*pro hac vice*)
Stephan Freeland (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel. (202) 399-1009
Fax (202) 800-2999
cwischusen@grsm.com
rpoteet@grsm.com
sfreeland@grsm.com

*Counsel for Defendants*
*Empire Holdings Group LLC and*
*Peter Prusinowski*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 24th day of September 2024, a true and accurate copy of the foregoing Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint was electronically filed via the Court's ECF system and was thereby served upon all counsel of record.

By: */s/ Clair E. Wischusen*
    Clair E. Wischusen