IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
                                       )
FEDERAL TRADE COMMISSION               )
                                       )
    Plaintiff,                         )
                                       )
    v.                                 )   Case No. 2:24-CV-4949
                                       )
EMPIRE HOLDINGS GROUP LLC,             )
d/b/a ECOMMERCE EMPIRE BUILDERS        )
and STOREFUNNELS.NET, a limited liability )
company, and PETER PRUSINOWSKI         )
Individually and as officer of         )
Empire Holdings Group LLC,             )
                                       )
    Defendants.                        )
_____ )

### DEFENDANTS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO AMEND TEMPORARY RESTRAINING ORDER

    Defendants Empire Holdings Group LLC d/b/a E-Commerce Empire Builders and Storefunnels.net ("EEB") and Peter Prusinowski (collectively, "Defendants"), by counsel, hereby file this Memorandum in Support of Emergency Motion to Amend Temporary Restraining Order pursuant to Fed.R.Civ.P. 60(b)(1) and (6).

    On September 18, 2024, the FTC filed a Complaint against Defendants for alleged violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Business Opportunity Rule, 16 C.F.R. § 437, and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. §45b. ECF No. 1. On the same date, the FTC filed a Motion for an Emergency Temporary Restraining Order, Asset Freeze, Appointment of a Receiver, and Other Equitable Relief. ECF No. 2. The FTC's TRO Motion made clear the FTC sought an asset freeze solely in connection with its Section 19 claims for violations of the Business Opportunity Rule and the CRFA and not the Section 13(b) claim for violation of Section 5(a). *See id.* at 21-24.

In a footnote, the FTC's TRO Motion properly acknowledged that "[a]sset freezes premised solely on Section 13(b) liability are no longer available in FTC enforcement actions following the Supreme Court's decision in *AMG Capital Management v. FTC*, 593 U.S. 67 (2021)." ECF No. 2 at p. 24, n. 108 (collecting authorities). The FTC's TRO Motion further acknowledged that, "[a]n asset freeze is appropriate once the Court determines that the FTC is likely to prevail on the merits of a Section 19 claim and it is an appropriate way to preserve money to redress injured consumers." *Id.* at 35. In the event that the Court made such a determination with respect to a Section 19 claim, the FTC explained that an "asset freeze will preserve the status quo, ensuring funds that have not already been dissipated are available for possible consumer redress." *Id.* at 36.

On September 20, 2024, the Court held a hearing on the FTC's TRO Motion. ECF No. 21. During the hearing, the Court asked about its authority to issue an asset freeze premised on the FTC's Section 13(b) claim for alleged violation of Section 5(a). Defendants explained it was not permitted in light of *AMG Capital*. By contrast, and unlike the candor in the FTC's TRO Motion, the FTC stayed mum. Ultimately, the Court granted the TRO with an asset freeze and receiver premised on the FTC's Section 13(b) claim for violation of Section 5(a). ECF No. 19 at 2 ("The Court finds that the FTC has satisfied its burden to obtain a Temporary Restraining Order pursuant to Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)."). Because this was an error of law and so Defendants are not denied due process, Defendants now move to amend the Court's September 20, 2024 TRO Order to remove the asset freeze, to limit the scope of the Receiver's authority, and to provide that Defendants can conduct targeted, expedited discovery in advance of the preliminary injunction hearing.

First, Defendants move to amend the TRO Order because the grant of an asset freeze

premised on Section 13(b) violates *AMG Capital* and its progeny. As stated by the FTC, "[a]sset freezes premised solely on Section 13(b) liability are no longer available in FTC enforcement actions following the Supreme Court's decision in *AMG Capital Management v. FTC*, 593 U.S. 67 (2021)." ECF No. 2 at p. 24, n. 108 (citing *FTC v. Simple Health Plans LLC*, 58 F.4th 1322, 1329-30 (11th Cir. Jan. 27, 2023) ("The 'imposition of an asset freeze or receivership' is thus inappropriate when premised solely on § 13(b).")); *see also FTC v. ACRO Servs. LLC*, 2022 WL 1717764, at *2 (M.D. Tenn. Nov. 21, 2022) ("After the Supreme Court's decision in *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021), the substantive basis for Plaintiff to obtain an asset freeze must be Section 19, not Section 13(b)."); *FTC v. Automators LLC*, 2023 WL 6373069, at *1 (S.D. Cal. Aug. 11, 2023) (observing that "the Supreme Court in *AMG Capital*…constrained the FTC from seeking asset freezes and/or receiverships under Section 13(b)"); *FTC v. Nolan*, 2022 WL 489739, at *3 (D. Ariz. Feb. 17, 2022) (observing that asset freeze intended to lock up assets for a future restitution award on Section 13(b) claims was no longer permissible after *AMG Capital*). Accordingly, the Court should amend the TRO Order to remove the grant of an asset freeze because such relief is not available on the FTC's Section 5(a) claim under Section 13(b).

Second, Defendants move, for similar reasons, to amend the TRO Order to limit the scope of the Receiver's authority because the Court issued broad authority to the Receiver premised on Section 13(b) liability and this was an error of law. *See FTC v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1078 (11th Cir. 2021) (vacating injunction imposing asset freeze and receivership after *AMG* because, "[a]s monetary relief is no longer available under § 53(b), there is no need to preserve resources for a future judgment"). Pending the Court's decision following the preliminary injunction hearing, Defendants have no objection to an amended TRO Order that requires their compliance with law and that confers on the Receiver the authority to collect and

preserve evidence. The TRO Order in its current form, however, embodies an error of law because it authorizes the Receiver to operate all EEB activities and take control of all EEB assets – all of which is premised on an asset freeze that *AMG Capital* does not permit.

Third, Defendants move to amend the TRO Order so that Defendants may serve targeted, expedited discovery in advance of the preliminary injunction hearing. In its current form, the TRO Order requires that Defendants respond to far reaching discovery requests on an emergency basis. *See* ECF No. 19 at 26-27. However, this only goes one way, the FTC has already enjoyed the benefit of a several month long investigation, and due process requires that discovery go both ways. There is no law to support that the FTC is entitled to one-way discovery or that any TRO movant is entitled to one-way discovery. Rather, civil litigation is founded on mutual exchange of information and thus expedited discovery on a TRO should necessarily be mutual. *See Hickman v. Taylor,* 329 U.S. 495, 507 (1947) ("[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."); *Inventus Power v. Shenzhen Ace Battery*, 2020 WL 8254383, *1 (N.D. Ill. Nov. 12, 2020) (expedited discovery "should be mutual"); *Smiths Group, PLC v. Frisbie*, 2013 WL 268988, *5 (D. Minn. Jan. 24, 2013) ("The parties are hereby granted leave to engage in mutual expedited discovery"); Fed.R.Civ.P. 30(b)(6) (permitting a party to "name as [a] deponent . . . . a governmental agency"). As a matter of fundamental fairness, Defendants are entitled to discovery into what evidence the FTC intends to introduce at the hearing, as well as what evidence the FTC has collected in its investigation that, in fact, undermines its claims. To that end, Defendants ask that the Court (i) permit the service of Defendants' Rule 34 Requests for Production (attached as Exhibit A) with the production on Monday, September 30, 2024 and (ii) permit the service of Defendants' Rule 30(b)(6) Deposition Notice (attached as Exhibit B) with the deposition on Wednesday, October 2, 2024.

Because the Court should not perpetuate an error of law and because the relief sought is important for the protection of Defendants' due process rights, the Court should amend the TRO Order to strike the asset freeze, limit the scope of the Receiver's authority consistent with this, and provide that Defendants can conduct targeted, expedited discovery.

A proposed order is attached.

Date:  September 25, 2024

Respectfully submitted,

*/s/ Clair E. Wischusen*
Clair E. Wischusen (Bar No. 306752)
Ryan Poteet (*pro hac vice*)
Stephan Freeland (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel. (202) 399-1009
Fax (202) 800-2999
cwischusen@grsm.com
rpoteet@grsm.com
sfreeland@grsm.com

*Counsel for Defendants*
*Empire Holdings Group LLC and*
*Peter Prusinowsk*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 25th day of September 2024, a true and accurate copy of the foregoing Defendants' Motion to Amend Temporary Restraining Order was electronically filed via the Court's ECF system, and was thereby served upon all counsel of record.

By: */s/ Clair E. Wischusen*
Clair E. Wischusen