# Exhibit A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-CV-4949 |
| ) | |
| EMPIRE HOLDINGS GROUP LLC, ) | |
| d/b/a ECOMMERCE EMPIRE BUILDERS ) | |
| and STOREFUNNELS.NET, a limited liability ) | |
| company, and PETER PRUSINOWSKI ) | |
| Individually and as officer of Empire Holdings ) | |
| Group LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's September 20, 2024 Order, Defendants Empire Holdings Group LLC d/b/a E-Commerce Empire Builders and Storefunnels.net ("EEB") and Peter Prusinowski propound the following requests for production of documents and things (the "Requests") upon Plaintiff Federal Trade Commission and request that Plaintiff respond within five (5) days.

**DEFINITIONS**

A. "Plaintiff," "you," and "your" refer to the United States Federal Trade Commission, including its employees, agents, attorneys, consultants, representatives, officers, and all other persons acting or purporting to act on its behalf.

B. "EEB" means Defendant Empire Holdings Group LLC d/b/a E-Commerce Empire Builders and Storefunnels.net, its predecessors, and any representatives, agents, or any other persons acting on its behalf.

1

C.     "Prusinowski" means Defendant Peter Prusinowski, and any representatives, agents, or any other persons acting on his behalf.

D.     "Defendants" refers collectively to EEB and Prusinowski.

E.     "Document" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, all drafts or non-identical copies, electronically stored information, and electronically transmitted information.

F.     "Communication" means, without limitation, the exchange or transmission of words or ideas to another person or entity, whether accomplished person-to-person, by telephone, in writing, via e-mail or through another electronic or other medium, and shall include, but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

G.     "Person" means any natural person, or any legal or fictitious entity, including without limitation any corporation, partnership, or association.

H.     "Relating to" (or any form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising, or relevant to. As indicated, the term necessarily includes information which is in opposition to as well as in support of Plaintiff's positions and claims in this action.

## INSTRUCTIONS

1.     These Requests shall be deemed continuing so as to require you to supplement your initial answers or responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

2. If you cannot answer any Request in full: (i) answer to the extent possible, using estimates or approximation where necessary, and indicating that such estimates or approximations have been used; (ii) explain why you cannot answer the remainder; and (iii) provide a supplemental response when you obtain more information.

3. If any documents requested herein have been lost or destroyed, the document so lost or destroyed shall be identified by author, date, and with as much specificity as possible, a description of the subject matter of the lost or destroyed document.

4. If you contend that a communication or document is protected from disclosure by the attorney-client privilege, the work-product doctrine, or through any other privilege or immunity from discovery or disclosure, then you shall produce a privilege log complying with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All of your communications with EEB's clients.

**REQUEST FOR PRODUCTION NO. 2:**

All of your communications with third persons other than EEB's clients in connection with the FTC's investigation.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that support your contention that EEB's advertising is false or misleading.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that you intend to introduce as exhibits at any hearing or trial in this matter.

Date:  September 24, 2024                    Respectfully submitted,

                                                                               */s/ Clair E. Wischusen*
Clair E. Wischusen (Bar No. 306752)
Ryan Poteet (*pro hac vice*)
Stephan Freeland (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel. (202) 399-1009
Fax (202) 800-2999
cwischusen@grsm.com
rpoteet@grsm.com
sfreeland@grsm.com

*Counsel for Defendants*
*Empire Holdings Group LLC and*
*Peter Prusinowski*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 24th day of September 2024, a true and accurate copies of the foregoing Defendants' First Set of Requests for Production of Documents to Plaintiff was served via email.

                                                By:  */s/ Clair E. Wischusen*
                                                       Clair E. Wischusen