IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br>v.<br><br>EMPIRE HOLDINGS GROUP LLC, also d/b/a ECOMMERCE EMPIRE BUILDERS and STOREFUNNELS.NET a limited liability company; and PETER PRUSINOWSKI, aka PETER PRU, individually and as an officer of Empire Holdings Group LLC;<br>    Defendants. | Case No. 2:24-CV-4949-WB<br><br>Honorable Wendy Beetlestone |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS BUSINESS OPPORTUNITY RULE CLAIMS**

The FTC's Opposition (ECF No. 36) to Defendants' Motion to Dismiss Business Opportunity Rule Claims (ECF No. 23) could not be more conclusory, essentially arguing that Defendants violated the Business Opportunity Rule ("BOR") because the FTC says so. This does not state a claim. The FTC does not identify which factual allegations purportedly satisfy the elements of the BOR claims. Nor does the FTC even try to reconcile its litigation position here with its recent public announcement that the BOR should be expanded so it can apply to "coaching or mentoring programs" and "e-commerce opportunities." Although the FTC cites several cases in trying to deflect the Court's attention from its own public announcement, the FTC fails to mention that all were stipulated orders, *i.e.*, settlements, with the exception of one default judgment on very distinguishable facts. Further, if the BOR's scope was as ambiguous broad as the FTC posits here, it would not provide fair notice to the public, including e-commerce website designers, business consultants, and product fulfillment specialists, and thus would be unconstitutionally void for vagueness. In all events, Defendants do not sell a business to their clients and are not subject to the BOR.

1

I.      **The FTC Does Not Explain What Facts State A BOR Claim.**

The FTC cannot cite to a single court opinion or any language in the BOR supporting that use of the words like "Business In a Box" or "cash-flowing online business" in advertising makes a business subject to the BOR.  Nor can the FTC cite to a single court opinion or any language in the BOR supporting that a business that helps a client to build and launch an e-commerce website makes a business subject to the BOR.  The BOR is focused on the sale of a business and not education, consulting, or service.  The FTC is trying to achieve in this case what it has elsewhere admitted it must do through notice and comment rulemaking.

The FTC seriously misleads the Court by arguing "courts have found a likelihood of success on the merits of the FTC's Business Opportunity Rule claims for similar schemes where the Defendants provided business opportunities that included Internet outlets in the form of ecommerce stores" (ECF No. 36, at 5).  However, no court has made such a finding and instead the FTC is citing stipulated orders, *i.e.*, settlements where the parties did not litigate and the judge did not analyze the merits of any BOR claim.  *See* FTC Opposition (ECF No. 36), at 5, citing *FTC v. The FBA Machine Inc.*, No. 2:24-cv-06635 (ECF No. 54) (D.N.J. Aug. 6, 2021) (corrected order granting parties' stipulated preliminary injunction); *FTC v. Ascend Capventures Inc.*, No. 2:24-cv-07660 (ECF No. 62) (C.D. Cal. Oct. 21, 2024) (parties' joint stipulation to a preliminary injunction); *FTC v. Automators LLC*, No. 3:23-cv-1444 (ECF No. 98) (S.D. Cal. Feb. 26, 2024) (order granting parties' stipulated permanent injunction), (ECF No. 48) (S.D. Cal. Sept. 8, 2024) (order granting parties' stipulated preliminary injunction); *FTC v. AWS, LLC*, No. 2:18-cv-00442 (ECF No. 57) (D. Nev. April 4, 2018) (order granting parties' stipulated TRO), (ECF No. 107) (D. Nev. Oct. 10, 2019) (order granting parties' stipulated permanent injunction).

These cases have no persuasive value. *United States v. E.I. du Pont de Nemours & Co.*, 366

U.S. 316, 331 n.12 (1961) ("the circumstances surrounding ... negotiated [consent orders] are so different that they cannot be persuasively cited in a litigation context"); *Sansome Committee by Cook v. Lynn*, 735 F.2d 1535, 1546 (3d Cir. 1984) (with a consent decree, "the court does not determine the merits of the dispute, but its entry of a decree constitutes an adjudication between the parties" [as] "[p]arties to a suit have the right to agree to anything they please in reference to the subject matter of their litigation, and the court, when applied to, will ordinarily give effect to their agreement"). The only other BOR case cited by the FTC was a default judgment, also not litigated on the merits, and is factually distinguishable. *See FTC v. Money Now Funding, LLC*, No. CV-13-01583, 2015 WL 11120847, at *3 (D. Ariz. July 1, 2015) (entering default judgement against twenty defendants for their participation in a scheme to enroll customers as sales agents for the corporate defendant upon the promise of making referral commissions for potential leads obtained from the customers' websites).

The far more analogous cases are the several cited by the FTC with its Advance Notice of Proposed Rulemaking ("ANPR") where the FTC identified business types that were not subject to the BOR. *See* ANPR, 87 Fed. Reg. 72428-01, 72431-33 (Nov. 25, 2022). These included businesses that provide "coaching or mentoring programs," citing *FTC v. OTA Franchise Corp.*, No. 8:20-cv-287 (C.D. Cal. filed 2020); *FTC v. Ragingbull.com, LLC*, No. 1:20-cv-3538 (D. Md. filed 2020); *FTC v. Zurixx LLC*, No. 2:19-cv-713 (D. Utah filed 2019); *FTC v. Nudge LLC*, No. 2:19-cv-867 (D. Utah filed 2019); *FTC v. Mobe Ltd.*, No. 6:18-cv-862 (M.D. Fla. filed 2018); *FTC v. Digit. Altitude*, No. 2:18-cv-0729 (C.D. Cal. filed 2018); and businesses that provide "work-from-home opportunities" and "e-commerce opportunities," citing *FTC v. Moda Latina BZ Inc.*, No. 2:20-cv-10832 (C.D. Cal. filed 2020); *FTC v. 8 Figure Dream Lifestyle LLC*, No. 8:19-cv-1165 (C.D. Cal. filed 2019). *FTC v. Nat'l Web Design, LLC*, No. 2:20-cv-846 (D. Utah filed 2020); *FTC v. Advert. Strategies, LLC*, No.

2:16-cv-3353 (D. Ariz. filed 2016). *See also* ANPR, 87 Fed. Reg. 72428-01, 72433 (explaining that conduct described in the forgoing cases falls outside the scope of the Business Opportunity Rule).

Despite opportunity to do so, the FTC's Opposition offers nothing to explain how the factual allegations cited by the FTC in the ANPR materially differ from the factual allegations here. Indeed, the factual allegations in *Mobe* were almost identical to those here. Yet, the FTC acknowledged in the ANPR that it could not assert a BOR claim against the *Mobe* defendants. Nor can it here.

**II.     The FTC's Admissions Reinforce That Defendants Are Not Subject To The BOR.**

At the TRO hearing, the FTC argued that Defendants' clients would not be harmed by entry of a TRO because these clients are separate businesses with separate websites that are independently operated by their business owners. More specifically, the FTC explained:

> So there is nothing in the Order that would prevent that [clients being able to run their businesses] from happening and from the businesses to continue under the Order. So there is nothing there that would say that they have to halt the consumers. The client stores are independently separate from the system, meaning that they are under the logins and names of the individuals who set up the stores. So that would not harm their stores either.

Declaration of Ryan M. Poteet, Ex. A, TRO Hearing Transcript at 59:5-12. This was a moment of candor. The FTC essentially acknowledged that Defendants do not sell their clients an e-commerce business, but rather provide consulting services to help start and support their clients with their own independently owned and operated e-commerce businesses. The BOR does not apply to this.

**III.    If Accepted, The FTC's Interpretation Of The BOR Is So Ambiguous And Undefined That It Would Be Void For Vagueness.**

The FTC offers nothing to reconcile its statements (and cases cited) in the ANPR with its litigation position here. Rather than address most of the admissions in its ANPR, the FTC only addresses Chairperson Khan's statement to argue she only admitted that "certain kinds of business coaching and work-from-home programs, investment programs, and e-commerce opportunities" "may" fall outside the scope of the BOR (ECF No. 36, at 8). This is not what the FTC said elsewhere

in its ANPR. Equally important, the FTC's interpretation of the BOR in this case – whatever it is – would render the BOR unconstitutionally void for vagueness.

In *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012), the U.S. Supreme Court explained that the due process clause requires that a law give fair notice of what is forbidden or required so people know what is required of them and so those enforcing the law do not act in an arbitrary or discriminatory manner:

> A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required. *See Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926) ("[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law"); *Papachristou* v. *Jacksonville*, 405 U. S. 156, 162 (1972) ("Living under a rule of law entails various suppositions, one of which is that '[all persons] are entitled to be informed as to what the State commands or forbids'" (quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939) (alteration in original))). This requirement of clarity in regulation is essential to the protections provided by the Due Process Clause of the Fifth Amendment. *See United States v. Williams*, 553 U.S. 285, 304 (2008). It requires the invalidation of laws that are impermissibly vague. A conviction or punishment fails to comply with due process if the statute or regulation under which it is obtained "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Ibid.* As this Court has explained, a regulation is not vague because it may at times be difficult to prove an incriminating fact but rather because it is unclear as to what fact must be proved. *See id.,* at 306. Even when speech is not at issue, the void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way. *See Grayned v. City of Rockford*, 408 U. S. 104, 108–109 (1972).

*See also Mateo v. Att'y Gen. United States*, 870 F.3d 228, 235 (3d Cir. 2017) (holding the Immigration and Nationality Act's definition of "aggravated felony" was unconstitutionally vague); *Marshall v. Amuso*, 571 F. Supp. 3d 412, 424 (E.D. Pa. 2021) (holding school board policies concerning acceptable speech were unconstitutionally vague because "they are irreparably clothed in subjectivity"); *Stilp v. Borough of W. Chester*, No. CV 21-3989, 2022 WL 3722082, at *9 (E.D. Pa.

5

Aug. 29, 2022) (denying the government's motion for summary judgment and finding a genuine dispute of material fact as to whether the term "combustible material" in a city ordinance was unconstitutionally vague).

If the FTC's interpretation were accepted, this is exactly the problem the public would face. On the one hand, the FTC said in its ANPR that business coaching and e-commerce opportunities *are not* subject to the BOR. On the other hand, the FTC says in this litigation that some business coaching and e-commerce opportunities *may* be subject to the BOR. Which is it? Could the FTC be more inconsistent or ambiguous? And how is the public – whether e-commerce website designers, business consultants, or product fulfillment specialists – supposed to know whether the BOR applies to their business or not? The two due process concerns are paramount here: (i) the FTC's litigation interpretation fails to provide fair notice to regulated parties about "what is required of them so they may act accordingly" and (ii) "precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *Fox Television Stations*, 567 U.S. at 253.

The FTC wants to ignore the BOR's plain language, what the FTC said in its ANPR, and the fact that the FTC has historically not asserted BOR claims in cases alleging very similar facts. The FTC's litigation interpretation should be rejected because the BOR does not apply to e-commerce education and consulting services. However, if the FTC's litigation interpretation were accepted, the BOR would be unconstitutionally void for vagueness and the FTC's BOR claims must therefore be dismissed.

****

For the foregoing reasons, as well as those set forth in Defendants' Motion, Defendants' Motion should be granted and Counts II, III and IV dismissed with prejudice.

Dated this 23rd day of October 2024.

        Respectfully submitted,

        */s/ Ryan M. Poteet*
        Clair E. Wischusen (Bar No. 306752)
        Ryan Poteet (*pro hac vice*)
        Stephan Freeland (*pro hac vice*)
        GORDON REES SCULLY MANSUKHANI, LLP
        277 S. Washington Street, Suite 550
        Alexandria, Virginia 22314
        Tel. (202) 399-1009
        Fax (202) 800-2999
        cwischusen@grsm.com
        rpoteet@grsm.com
        sfreeland@grsm.com
        *Counsel for Defendants*
        *Empire Holdings Group LLC and*
        *Peter Prusinowski*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October 2024, I caused a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS BUSINESS OPPORTUNITY RULE CLAIMS** to be served via the CM/ECF e-mail notification system and was thereby served upon all counsel of record.

/s/ *Ryan M. Poteet*
Ryan M. Poteet