# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br>v.<br><br>EMPIRE HOLDINGS GROUP LLC, also d/b/a ECOMMERCE EMPIRE BUILDERS and STOREFUNNELS.NET a limited liability company; and PETER PRUSINOWSKI, aka PETER PRU, individually and as an officer of Empire Holdings Group LLC;<br>    Defendants. | Case No. 2:24-CV-4949-WB<br><br>Honorable Wendy Beetlestone |

## DECLARATION OF RYAN M. POTEET

I, Ryan M. Poteet, hereby declare,

1. I am above the age of eighteen and competent to make this declaration. This declaration is based on my personal knowledge and, if called to testify, I would competently testify thereto.

2. This declaration is offered in support of Defendants' Reply in Support of their Motion to Dismiss Business Opportunity Rule Claims.

3. I am a partner with the law firm of Gordon Rees Scully Mansukhani, LLP, counsel of record for Defendant Empire Holdings Group LLC d/b/a E-Commerce Empire Builders and Storefunnels.net and Defendant Peter Prusinowski.

4. Attached as Exhibit A is a true and accurate copy of an excerpt from the transcript for the September 20, 2024 Temporary Restraining Order Hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 23rd day of October, 2024.

                                                    */s/ Ryan M. Poteet*
                                                    Ryan M. Poteet

# EXHIBIT A

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

 3
        FEDERAL TRADE COMMISSION,    :   CIVIL CASE NUMBER
 4                 PLAINTIFF         :
                                     :
 5         VERSUS                    :   24-CV-4949
                                     :
 6      EMPIRE HOLDINGS GROUP, LLC,  :
        ET AL,                       :
 7                 DEFENDANTS        :
        _____
 8
                                    SEPTEMBER 20, 2024
 9                                  COURTROOM 10B
                                    PHILADELPHIA, PA 19106
10

11      _____

                BEFORE THE HONORABLE WENDY BEETLESTONE, J.
12      _____

13              TEMPORARY RESTRAINING ORDER HEARING

14      APPEARANCES:

15      RYAN ADAM MCAULIFFE, ESQUIRE
        AMANDA GRIER, ESQUIRE
16      FEDERAL TRADE COMMISSION
        DIVISION OF MARKETING PRACTICES
17      600 PENNSYLVANIA AVE, NW
        MAILSTOP CC-8543
18      WASHINGTON, DC 20580

19      COUNSEL FOR THE PLAINTIFF

20
                     LYNN GLIGOR, RMR
21               OFFICIAL COURT REPORTER
                ROOM 2609 U. S. COURTHOUSE
22                 601 MARKET STREET
                 PHILADELPHIA, PA 19106
23                  (856)649-4774

24
        PROCEEDINGS RECORDED BY STENOTYPE-COMPUTER,
25      TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

```
 1     CONTINUED APPEARANCES:

 2     CLAIR E. WISCHUSEN, ESQUIRE
       GORDON & REES
 3     277 S. WASHINGTON ST., SUITE 550
       ALEXANDRIA, VA 22314
 4
       COUNSEL FOR THE DEFENDANT
 5

 6     STEPHEN R. FREELAND, ESQUIRE
       KELLEY DRYE & WARREN LLP
 7     3050 K STREET NW, SUITE 400
       WASHINGTON, D.C. 20007
 8
       COUNSEL FOR THE DEFENDANT
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    NOW, WHEN IT COMES TO THE
 2   STOREFUNNELS.NET, THE SOFTWARE PROGRAM THAT IS BEING
 3   USED, IT'S CONNECTED TO THE ECOMMERCE STORES SO THAT
 4   THEY CAN ACTUALLY HAVE TRANSACTIONS WITH THE BUSINESS.
 5                    SO THERE IS NOTHING IN THE ORDER THAT
 6   WOULD PREVENT THAT FROM HAPPENING AND FROM THE
 7   BUSINESSES TO CONTINUE UNDER THE ORDER.  SO THERE IS
 8   NOTHING THERE THAT WOULD SAY THAT THEY HAVE TO HALT THE
 9   CONSUMERS.  THE CLIENT STORES ARE INDEPENDENTLY SEPARATE
10   FROM THE SYSTEM, MEANING THAT THEY ARE UNDER THE LOGINS
11   AND NAMES OF THE INDIVIDUALS WHO SET UP THE STORES.  SO
12   THAT WOULD NOT HARM THEIR STORES EITHER.
13                    SO OUR POSITION IS THAT A RECEIVERSHIP IS
14   EXTREMELY IMPORTANT TO HALTING THE CONTINUED FRAUD, BUT
15   ALSO TO ENSURE THAT THE CONSUMERS ARE NOT VICTIMIZED
16   FURTHER BY THE DEFENDANT.
17                    THE COURT:  OKAY.  LET'S HEAR FROM
18   DEFENSE ON THAT.
19                    MR. FREELAND:  THANK YOU, YOUR HONOR.
20                    IT'S THE POINT THAT MS. GRIER ADMITTED,
21   WHICH IS SHE CANNOT SPEAK FOR WHAT THE RECEIVER IS GOING
22   TO DO.  THERE IS NO EVIDENCE THAT ANY OF THESE 250 ARE
23   DISPLEASED, ARE UNSATISFIED, AND THAT THE SOFTWARE IS
24   NOT WORKING FOR THEM AND THAT THE ONGOING CONSULTING
25   SERVICES THAT THEY ARE RECEIVING FROM THE DEFENDANTS,
```