IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>    Plaintiff,<br>                        v.<br><br>**EMPIRE HOLDINGS GROUP LLC d/b/a ECOMMERCE EMPIRE BUILDERS d/b/a STOREFUNNELS.NET, and PETER PRUSINOWSKI,**<br><br>    Defendants. | **Civil Action**<br><br><br><br>No. 2:24-cv-04949-WB |

### MEMORANDUM OF LAW IN SUPPORT OF THE RECEIVER'S MOTION TO SEAL BILLS SUBMITTED IN CONNECTION WITH MOTIONS FOR APPROVAL OF INTERIM FEE APPLICATIONS

The Receiver, Kevin Dooley Kent, by and through his undersigned counsel and pursuant to Local Civil Rule 5.1.5(a)(2), submits this memorandum of law in support of his Motion to Seal his, his Law Firm, and his Accountant's bills that are submitted in connection with his Motions for Approval of Interim Fee Applications, specifically seeking permission to file under seal the bills submitted in connection with the Receiver's Motion for Approval of First Interim Fee Application for the Period September 20, 2024 through October 31, 2024 (ECF No. 55), as well as bills to be submitted in connection with all future motions to approve interim fee applications that the Receiver files in this action.

Local Civil Rule 5.1.5 provides that "[a] document in a civil action may be filed under seal only if[,]" *inter alia*, "the Court orders the document sealed." L. Civ. R. 5.1.5(a)(2). While "[t]he common law presumes that the public has a right of access to judicial materials," including documents filed on the Court's public docket, *see In re Avandia Mktg., Sales Practices & Prod.*

*Liab. Litig.*, 924 F.3d 662, 672, 675 (3d Cir. 2019), "the right of public access is not absolute, and the presumption of public access is rebuttable." *Vetter v. Rustoleum Corp.*, 2024 WL 1907620, at *1 (D.N.J. Apr. 9, 2024) (citing *Goldstein v. Forbes*, 260 F.3d 183, 192, 194 (3d Cir. 2001) and *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). To rebut this presumption in favor of public access, a party must show that "the interest in secrecy outweighs the presumption," meaning that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party's seeking closure." *In re Avandia*, 924 F.3d at 672.

Here, good cause exists to seal the billing records submitted in connection with the Receiver's Motion for Approval of First Interim Fee Application for the Period September 20, 2024 through October 31, 2024 (ECF No. 55), as well as the bills to be submitted in connection with all future interim fee Applications. The presumption for public access is overcome by the fact that such billing records contain sensitive, confidential, and privileged information. Indeed, courts within the Third Circuit have held that unredacted bills and time sheets contain confidential and/or privileged information. *See, e.g.*, *United States v. Keystone Sanitation Co.*, 885 F. Supp. 672, 675 (M.D. Pa. 1994) (recognizing that the attorney-client privilege applies to attorney billing statements and time records to the extent that they "reveal litigation strategy and/or the nature of the services performed"); *SourceSearch Techs., LLC v. Kayak Software Corp.*, 2016 WL 11745035, at *2 (D.N.J. Dec. 19, 2016) (finding that unredacted bills contained confidential business information and that harm would occur if the information was not sealed, "as revealing the nature of services provided by an attorney to her client can reveal litigation strategy and provide a guide to future adversaries of how the client may proceed in similar litigation").

The Receiver has an interest in protecting the disclosure of the narratives within his and his Retained Professionals' billing entries. Specifically, the narratives reveal litigation strategies of the Receiver's counsel and accountants and the nature of the services performed; therefore disclosure of such would make current and future adversaries privy to how the Receiver and his Retained Personnel may proceed, and the public filing of the bills would result in disclosure of privileged work product and attorney-client communications. Additionally, there is no legitimate public interest in obtaining access to documents pertaining to sensitive financial and billing information of Receiver's counsel and accountants, particularly where the Receiver's First Interim Fee Application already summarizes the time spent, and amounts billed, by the Receiver and his Retained Personnel and contains a lengthy discussion regarding the work they have performed during the reporting period.[1]

Accordingly, the Receiver respectfully requests that the Court grant this Motion and permit the Receiver to file under seal the bills submitted in connection with the Receiver's Motion for Approval of First Interim Fee Application for the Period September 20, 2024 through October 31, 2024 (ECF No. 55), as well as bills to be submitted in connection with all future motions to approve interim fee applications that the Receiver will file in this action.

Dated: November 20, 2024                                   Respectfully Submitted,

                                                           *s/ Robin S. Weiss*
                                                           Robin S. Weiss, Esquire
                                                           Vanessa L. Huber, Esquire
                                                           **CLARK HILL PLC**
                                                           Two Commerce Square
                                                           2001 Market Street, Suite 2620
                                                           Philadelphia, PA 19103

---

[1] In the event the Court disagrees and finds that the Receiver and his Retained Personnel's bills should not be sealed entirely, the Receiver respectfully requests the opportunity to file redacted billing records in support of the First Interim Fee Application, in which billing narratives describing privileged strategy and work product would be redacted, and to file the fully unredacted versions of the bills under seal or for *in camera* review.

>Phone: (215) 640-8500
>Fax: (215) 640-8501
>rsweiss@clarkhill.com
>vhuber@clarkhill.com
>
>*Attorneys for Receiver, Kevin Dooley Kent*

4