UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>EMPIRE HOLDINGS GROUP LLC, also d/b/a ECOMMERCE EMPIRE BUILDERS and STOREFUNNELS.NET, a limited liability company, and<br><br>PETER PRUSINOWSKI, aka PETER PRU, individually and as an officer of Empire Holdings Group LLC,<br><br>  Defendants. | Case No. 2:24-CV-4949 |

### JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on December 31, 2024, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues**

**Plaintiff's Claims:** Plaintiff FTC alleges that Defendants made deceptive earnings claims, used illegal contract provisions, and failed to provide required disclosures in the marketing and sale of their online ecommerce business opportunities and self-study programs, in violation of the FTC Act, the Business Opportunity Rule, and the Consumer Review Fairness Act ("CRFA"). Plaintiff intends to conduct discovery on whether Defendants' possessed substantiation for the earnings claims used in their marketing at the time the claims were made, Defendants' formulation and use of illegal form contracts, and Defendants' failure to provide any

1

of the disclosures required under the Business Opportunity Rule. Plaintiff intends to seek all responsive documents and information related to Plaintiff's claims and issues.

The FTC contemplates filing motions for summary judgment in this case. The FTC's summary judgment motions will request that the Court decide whether the Defendants' conduct constitutes deceptive acts or practices in violation of the FTC Act, the Business Opportunity Rule, and the CRFA. The FTC may seek to amend its complaint to add additional parties, should information obtained in discovery provide an appropriate basis for it to do so.

**Defendants' Position:** Defendants deny Plaintiff's allegations. Corporate Defendant Empire Holdings Group LLC is currently under receivership and is no longer conducting business operations. Defendants have withdrawn their motion to dismiss in the contemplation of potential settlement in this case, but will refile their motion should the parties fail to come to a mutual resolution on this matter.

The parties have agreed on the timing of motions in their discovery plan set forth in Section 3 herein.

2. **Initial and Informal Disclosures**

The parties do not propose any changes to the disclosures that must be made under Rule 26(f). The parties agree to exchange initial disclosures on or before **January 22, 2024**.

3. **Formal Discovery**

The parties jointly propose the deadlines set forth in the table below.

### DISCOVERY DEADLINES
**\*\*ALL DEADLINES ARE 4:30 PM EASTERN TIME \*\***

| Event | Deadline |
| --- | --- |
| Initial Disclosures Due | January 22, 2025 |
| Close of Fact Discovery | June 4, 2025 |
| Initial Expert Disclosures & Reports Due | July 2, 2025 |
| Rebuttal Expert Disclosures & Reports Due | July 30, 2025 |

| Close of Expert/All Discovery Daubert Motions Due | August 27, 2025 |
|---|---|
| Dispositive Motions Due | September 24, 2025 |
| Responses to Dispositive Motions Due | 3 weeks after Dispositive Motions filed |
| Replies to Dispositive Motions Due | 2 weeks after responses to dispositive motions filed |
| Parties Ready for Trial | October 27, 2025 (or 60 days after dispositive motions decided, whichever is later) |

During the status conference held on December 17, 2024, the Court directed the parties to include a note in their Joint Discovery Plan that the Court was inclined to show flexibility on discovery dates given the parties efforts at settlement.

At present, the parties believe the primary categories and topics for discovery include: (1) facts relevant to whether the representations at issue were false, deceptive, or unsubstantiated when made; (2) facts relevant to whether Defendants violated the Business Opportunity Rule's disclosure requirements; (3) facts relevant to whether Defendants violated the CRFA; and (4) consumer injury.

The parties anticipate that discovery will include the exchange of written discovery, production of documents, and oral or videotaped depositions of Defendant Peter Prusinowski, several fact witnesses, and witnesses pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff FTC may amend its complaint should information obtained during discovery warrant such amendment. The parties agree to exchange written discovery and conduct depositions pursuant to the Federal Rules of Civil Procedure. The parties do not anticipate a need to conduct discovery in phases or exceed the limitations set forth in the Federal Rules.

4. **Electronic Discovery**

The parties agree that the production of electronically stored information shall comply with the attached Bureau of Consumer Protection Production Requirements. The parties have

taken steps to preserve potentially relevant ESI. Each party will bear its own costs of production. Productions will be served via email and/or using a secure file transfer protocol (FTP) site.

The parties agree to explore the implementation of agreements or stipulated protective orders to handle the production and use of personal identifying information, sensitive personally identifiable information, and sensitive health information. The parties also agree that any party asserting a claim of privilege or other protection in response to a discovery request shall provide a log that includes a description of each withheld or partially withheld document that is consistent with Rule 26(b)(5)(A). Notwithstanding this requirement, the parties agree that there shall be no need to provide a privilege log for the following categories of documents: (1) communications between the parties and their outside counsel that relate to matters at issues in this case; and (2) documents containing and relating to communications between and among FTC staff. The parties further agree, consistent with Rule 502(b), that the inadvertent production of privileged and protected information shall not operate as a waiver of the privilege provided that: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following the procedures provided by Rule 26(b)(5)(B).

The parties do not believe that an additional e-discovery order is necessary in this case because the FTC obtained a significant majority of potentially responsive documents from Defendants through the immediate access provision of the Temporary Restraining Order and the Stipulated Preliminary Injunction.

5. **Expert Witness Disclosures**

Plaintiff FTC has identified its expert and submitted an expert report. The FTC may supplement with additional reports or disclose additional experts if appropriate, and in

accordance with the approved scheduling order. Defendants have not identified an expert but may do so in the future. The parties have agreed on the timing of expert discovery in their discovery plan set forth in Section 3 herein.

6. **Early Settlement or Resolution**

On November 7, 2024, the parties agreed to the entry of a Stipulated Preliminary Injunction (Dkt 46), which was entered by the Court on November 8, 2024 (Dkt. 49). Since then, the parties have engaged in ongoing settlement discussions, including at their 26(f) conference. Due to the ongoing settlement discussions, the parties do not believe that mediation or a settlement conference before a Magistrate Judge is appropriate currently. However, the parties agree that mediation or a settlement conference may be appropriate if settlement discussions do not advance. The parties agree that this matter is not appropriate for voluntary arbitration, as it is a consumer protection action brought by a federal agency alleging violations of federal consumer protection laws.

7. **Trial Date**

The parties estimate that the trial will take approximately seven days and that this case will be ready for trial approximately sixty (60) days following the Court's ruling on any dispositive motions, and not before October 27, 2025. Once dispositive motions have been decided, the parties request that the Court issue a date certain for the start of trial in accordance the court's calendar and sixty (60) days following the Court's ruling on any dispositive motions.

8. **Other**

The parties do not believe that there are any other issues affecting the status or management of the case.

Dated: December 31, 2024  Respectfully Submitted,

**COUNSEL FOR PLAINTIFF:**

/s/Ryan McAuliffe
Amanda Grier (DC Bar No. 978573)
Ryan McAuliffe (MD Bar No. 2012170072)
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8543
Washington, DC 20580
Tel. (202) 326-3745
Fax: (202) 326-3044
agrier@ftc.gov
rmcauliffe@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**COUNSEL FOR ALL DEFENDANTS:**

/s/ Greg Christiansen
*(with permission)*
Greg Christiansen (*pro hac vice*)
Guardian Law
833 E. Pioneer Rd. Ste. 102
Draper, UT 84020
Tel. (844) 409-1122
greg@guardianlaw.com

Shawn McBrearty
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA  19107
Tel. (215) 574-0600
Fax: (215) 574-0310
smcbrearty@sidkoffpincusgreen.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I caused a copy of the foregoing **JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN** to be served on all counsel of record by Operation of the Court's electronic filing system.

/s/Ryan McAuliffe