# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

       **v.**

**EMPIRE HOLDINGS GROUP LLC d/b/a ECOMMERCE EMPIRE BUILDERS and STOREFUNNELS.NET AND PETER PRUSINOWSKI a/k/a PETER PRU,**

    **Defendants.**

**Case No. 2:24-cv-04949-WB**

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ( "Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive and unfair acts

or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; the Business Opportunity Rule; and the CRFA in the marketing and promotion of their online ecommerce business opportunities and self-study programs.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Assisting Others"** includes the following:

    1.  Performing customer service functions, including receiving or responding to consumer complaints;

    2.  Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or design, text, or use of images of any Internet website, email, or other electronic communication;

    3.  Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol

addresses or domain name registration for any Internet websites, affiliate
marketing services, or media placement services;

4.  Providing names of, or assisting in the generation of, potential customers;

5.  Performing marketing, billing, payment processing, or payment services of
any kind; or

6.  Acting or serving as an owner, officer, director, manager, or principal of any
entity.

B.  **"Business Coaching Program"** means any program, plan, good, or service,
including those related to business opportunities, that represents, expressly or by implication, to
coach, train, or teach a participant or purchaser how to establish, operate, or improve the
purchaser's business.

C.  **"Business Opportunity"** means a commercial arrangement in which:

1.  A seller solicits a prospective purchaser to enter into a new business; and

2.  The prospective purchaser makes a required payment; and

3.  The seller, expressly or by implication, orally or in writing, represents that the
seller or one or more designated persons will:

a.  Provide locations for the use or operation of equipment, displays,
vending machines, or similar devices owned, leased, controlled, or
paid for by the purchaser; or

b.  Provide outlets, accounts, or customers, including Internet outlets,
accounts, or customers, for the purchaser's goods or services; or

c.  Buy back any or all of the goods or services that the purchaser makes,
produces, fabricates, grows, breeds, modifies, or provides, including

3

providing payment for such services as, for example, stuffing

envelopes from the purchaser's home.

D.    **"Covered Communication"** means a written, oral, or pictorial review,

performance assessment, or other similar analysis, including by electronic means of goods,

services, or conduct.

E.    **"Defendants"** means all of the Corporate Defendants and the Individual

Defendant, individually, collectively, or in any combination.

1.    **"Corporate Defendants"** means Empire Holdings Group, LLC, d/b/a

Ecommerce Empire Builders and Storefunnels.net; and their successors and

assigns.

2.    **"Individual Defendant"** means Peter Prusinowski, a/k/a Peter Pru.

F.    **"Earnings Claim"** means any oral, written, or visual representation to a

consumer or prospective purchaser that conveys, expressly or by implication, a specific level or

range of actual or potential sales, or gross or net income or profits, revenues, financial gains,

percentage gains, or return on investment. An Earnings Claim includes, but is not limited to:

(1) any chart, table, or mathematical calculation that demonstrates possible results based upon a

combination of variables; (2) any statements from which a consumer or prospective purchaser

can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough

money to buy a Porsche," "earn a six-figure income," or "earn your investment back within one

year"); (3) references to quitting one's job, not having to work, or living off income from online

sales; (4) references to increased purchases or savings, including a home, cars, boats, vacations,

or travel; (5) any statements, claims, success stories, endorsements, or testimonials about the

4

performance or profitability of representatives, endorsers, instructors, or customers; and (6) any representation, even hypothetical, of how much money a consumer could or would earn.

      G.      **"Prohibited Contract Provision"** means a standard contract provision, used in the course of selling or leasing goods or services, that:

        1.   Prohibits or restricts the ability of a person who is a party to the contract to engage in a Covered Communication;

        2.   Imposes a penalty or fee against any person who is a party to the contract for engaging in a Covered Communication; or

        3.   Transfers, or requires a person who is a party to the contract to transfer, to any other person any intellectual property rights in a Covered Communication, with exception of a non-exclusive license to lawfully use a Covered Communication about a Defendants' goods, services, or conduct.

      H.      **"Provide locations, outlets, accounts, or customers"** means furnishing the prospective purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead-generating companies; providing a list of locator or lead-generating companies; collecting a fee on behalf of one or more locators or lead-generating companies; offering to furnish a list of locations; or otherwise assisting the prospective purchaser in obtaining his or her own locations, outlets, accounts, or customers.

      I.      **"Receiver"** means Kevin Dooley Kent, the receiver appointed in Section XII of the Preliminary Injunctions entered as to each Defendant (Dkt. 49), and any deputy receivers that shall be named by the Receiver.

J.      **"Receivership Entities"** includes, Empire Holdings Group, LLC, d/b/a Ecommerce Empire Builders and Storefunnels.net, Atlas Fund Limited Partnership, Atlas Fund Trust, Atlas Fund Land Trust, Empire Realty Holdings, LLC, Empire Partner Network, LLC, Star Active Sports, LLC; and their successors and assigns, as well as any other entity that has conducted any business related to the marketing or sale of Defendants' business opportunities, self-study programs, coaching or any other products, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

K.      **"Receivership Estate"** means the assets identified in Section IV of this Order and all assets of the Receivership Entities, including: (a) any assets of the Receivership Entities currently in the possession of the Receiver; (b) all the funds, property, premises, accounts, documents, mail, and all other assets of, or in the possession or under the control of the Receivership Entities, wherever situated, the income and profits therefrom, all sums of money now or hereafter due or owing to the Receivership Entities, and any other assets or property belonging or owed to the Receivership Entities; (c) any assets of the Receivership Entities held in asset protection trusts; (d) any assets of the Receivership Entities held by Peter and/or Kellie Prusinowski, including, but not limited to, all accounts through which rents collected by Empire Realty, LLC have been deposited; (e) any reserve funds or other accounts associated with any payments processed on behalf of any Receivership Entities, including such reserve funds held by a payment processor, credit card processor, or bank; and (f) all proceeds from the sale of such assets, except those assets the sale of which the Receiver determines will not add appreciably to the value of the estate.

## ORDER

### I.    BUSINESS OPPORTUNITY BAN

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, distributing, or offering for sale, or Assisting Others in the advertising, marketing, distributing, promoting, or offering for sale of, any Business Opportunity.

### II. PROHIBITED BUSINESS ACTIVITIES

IT IS FURTHER ORDERED that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, including, but not limited to, Business Coaching Programs, are permanently restrained and enjoined from:

A.    Making any Earnings Claim or Assisting Others in making any Earnings Claim, unless the Earnings Claim is non-misleading and, at the time the Earnings Claim is made, Defendants (1) have a reasonable basis for the claim; (2) have in their possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) make the written substantiation for the Earnings Claim available upon request to the consumer, potential purchaser, and the FTC;

B.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, that Defendants' goods or services:

1. Will allow purchasers to earn a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or

return on investment with little to no effort on their part; and

2. Will use artificial intelligence ("AI") to maximize revenues or otherwise enhance the profitability or effectiveness of the good or service;

C. Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any other material fact concerning Defendants' goods or services, such as: the total costs; the amount of time necessary to achieve the represented results; any material restrictions, limitations, or conditions; any material aspect of its performance, efficacy, nature, or central characteristics; or any material aspect of the nature or terms of the refund, cancellation, exchange, repurchase, or remedy policies; and

D. Prohibiting or restricting any consumer or potential purchaser from communicating reviews, performance assessments, and similar analyses about Defendants' goods or services or the conduct of Defendants related thereto; or imposing a penalty or fee against any consumer or potential consumer who engages in such communications.

### III. INJUNCTION AGAINST SUPPRESSING COVERED COMMUNICATIONS THROUGH PROHIBITED CONTRACT PROVISIONS

IT IS FURTHER ORDERED that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from offering, attempting to enforce, or asserting the validity of any Prohibited Contract Provision. Nothing in this Section shall affect any other legal duty of a party to a contract or affect any cause of action arising from the breach of such duty.

## IV. MONETARY JUDGMENT AND PARTIAL
## SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Nine Million Seven Hundred Eighty-Six Thousand One Hundred Twenty-Four Dollars and Sixty-One Cents ($9,786,124.61) is entered in favor of the Commission against Individual Defendant and Corporate Defendants, jointly and severally, as monetary relief.

B.      Defendants are ordered to surrender to Receiver all control, title, dominion, and interest each has to the following assets:

1.  All interest the Defendants have in funds in any accounts in the name of Receivership Entities;

2.  All rental income collected by, or on behalf of, any Receivership Entity wherever held;

3.  All cash held by Receiver;

4.  All assets owned by the Receivership Entities, including any real, personal, or intellectual property, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail, or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables, insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Corporate Defendants;

C.      Defendants are ordered to surrender all funds and assets listed in Table 1 below to the Receiver or their representative or agent. To the extent not already in possession of the Receiver, Defendants shall deliver possession to the Receiver any assets identified in Table 1

9

within 7 days of the entry of this order. Defendants shall cooperate fully with the Receiver and take such steps as the Receiver may require in Receiver's sole and absolute opinion and judgment, including executing any documents and providing any necessary information, to cause the transfer to the Receivership Estate of legal and equitable title to the property and assets identified in Table 1.

| Table 1: Assets and Interests to be Surrendered to the Receiver | |
| --- | --- |
| **Property Interests to Be Surrendered** | **Location** |
| Rental Property | 6 Constitution Ave., Doylestown, PA 18901 |
| **Personal Property to Be Surrendered** | **Where Identified** |
| Four Rolex Watches | Dec. 4, 2024 Disclosures (Items 15-18) |
| All Contents of Defendants' Security Deposit Box, except for coins valued at $10,000. | Dec. 4, 2024 Disclosures (Items 15-18) |

       D.      Except for the lists of consumer names and consumer information identified in Section VI below, the Receiver shall, as soon as practicable, commence the sale of the unliquidated assets identified in Table 1 above and surrendered pursuant to this Order using a commercially reasonable procedure.

       E.      Defendants are ordered to surrender all funds and assets listed in Table 2 below to the Commission or its representative or agent. Defendants shall cooperate in good faith with the Commission to effectuate these transfers, and shall, if needed, execute such documents as are necessary to remit the entire balance of each account to the Commission.

       F.      For the financial institution accounts listed in Table 2, the financial institutions identified shall within 5 days of the entry of this Order remit the entire balance of each account

listed in Table 2 to the Commission by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

| Table 2: Assets and Interests to be Surrendered to the FTC | | |
|---|---|---|
| **Bank/Financial Accounts** | | |
| **Name of Account** | **Institution** | **Account Number** |
| Peter Prusinowski | Coinbase Global Inc. | X36d8 |
| Peter Prusinowski | Acorns Securities LLC | X71B1 |
| Peter Prusinowski | Fundrise Real Estate Investment Trust LLC | X0477 |
| Peter Prusinowski | Betterment Securities | X9253 |
| Peter Prusinowski | Delaware Life Service Center 401k | X7090 |
| Peter Prusinowski | Capital Group/Amerifunds 401k | X1362 |
| Peter Prusinowski | Lofty AI Inc. | XCV3I |
| Peter Prusinowski | Fidelity HSA | X1629 |
| Peter Prusinowski | American United Life Insurance Company | X9440; X7800; X4000; and X4010 |
| Peter & Kellie Prusinowski | TD Bank | X9904 |
| Empire Collections LLC | TD Bank | X1105 |

G.     Upon the completion of all payments and transfers specified in Subsections IV(A)-(F), above, the remainder of the judgment is suspended, subject to the Subsections below.

H.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     The Financial Statements of Individual Defendant Peter Prusinowski signed on September 25, 2024, and December 4, 2024, and all attachments thereto;

2.     The updated Financial Statements of Individual Defendant Peter

11

Prusinowski, provided to the FTC on December 11, 2024, and all attachments thereto;

3.    The Financial Statements of Corporate Defendant Empire Holdings Group LLC signed on September 25, 2024, and December 4, 2024, and all attachments thereto;

4.    The updated Financial Statements of Corporate Defendant Empire Holdings Group LLC, provided to the FTC on December 11, 2024, and all attachments thereto;

5.    The additional information submitted by email from Greg Christiansen to the FTC on October 24, 2024;

6.    The additional information submitted by email from Greg Christiansen to the FTC on November 11, 2024;

7.    The additional information submitted by email from Greg Christiansen to the FTC on December 4, 2024, and all attachments thereto;

8.    The additional information submitted by email from Greg Christiansen to the FTC on December 11, 2024, and all attachments thereto;

9.    The additional information submitted by email from Greg Christiansen to the FTC on December 23, 2024;

10.    The additional information submitted by email from Greg Christiansen to the FTC on December 28, 2024, and all attachments thereto;

11.    The additional information submitted by email from Greg Christiansen to the FTC on December 30, 2024, and all attachments thereto;

12.    The additional information submitted by email from Greg Christiansen to the FTC on January 1, 2025, and all attachments thereto;

13.    The additional information submitted by email from Greg Christiansen to

the FTC on February 4, 2025, and all attachments thereto; and

        14.    The additional information submitted by email from Greg Christiansen to the FTC on February 13, 2025.

        I.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

        J.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payments previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

### V. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

        A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

        B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

        C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Each Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.      The asset freeze authorized by the Stipulated Preliminary Injunction (Dkt. 49) is modified to permit the payment and transfers identified in Section IV titled Monetary Judgment and Partial Suspension. Upon completion of such payment, the asset freeze is dissolved. Defendants must fully cooperate with the Commission and the Receiver as to the asset freeze and the receivership. If requested to execute appropriate documents, such as to liquidate, transfer, or assign any frozen asset, Defendants must execute such documents within 3 days of a written request from a representative of the Commission or the Receiver.

14

## VI. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of any good or service; and

C.      failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. RECEIVERSHIP

IT IS FURTHER ORDERED that the Receiver shall take the necessary steps to wind down the businesses of the Receivership Entities, liquidate assets, and pay any net proceeds to the Commission to satisfy the monetary judgment in this Order. In carrying out these duties, the

Receiver shall be the agent of this Court, shall be accountable directly to this Court, and is authorized and directed to:

      A.      Take any and all steps that the Receiver concludes are appropriate to wind down the affairs of the Receivership Entities.

      B.      Continue to exercise full control over the Receivership Entities and continue to collect, marshal, and take custody, control, and possession of all the funds, property, premises, accounts, documents, mail, and other assets of, or in the possession or under the control of the Receivership Entities, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Receivership Entities.

      C.      Continue to have full control over the management and personnel of the Receivership Entities.

      D.      Take all steps necessary or advisable, including issuing subpoenas, to locate and liquidate all other assets of the Receivership Entities, cancel the Receivership Entities' contracts, collect on amounts owed to the Receivership Entities, and take such other steps as may be necessary to wind-down the Receivership Entities efficiently.

      E.      To the extent not already completed, the Receiver shall as soon as practicable after the entry of this Order, take exclusive custody, control, and possession of all assets identified in Section IV of this Order.

      F.      Sell the nonliquidated assets of the Receivership Estate using commercially reasonable procedure without further order of the Court.

      G.      The Receiver shall give reasonable notice to the Commission of any settlements or compromises by the Receiver concerning the Receivership Estate before the settlement or

compromise is consummated. Within 20 days of this notice, the FTC shall have the opportunity to object to any such settlement, by filing a motion with the Court.

   H.  Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of the temporary restraining order in this action, except payments that the Receiver deems necessary or advisable to ensure assets of the Receivership Entities are not lost, stolen, or dissipated.

   I.  Institute actions or proceedings in state, federal, or foreign courts as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Entities, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers.

   J.  Defend any or all actions or proceedings instituted against the Receivership Entities, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Entities.

   K.  Continue to maintain accurate records of all receipts and expenditures incurred as the Receiver.

   L.  Perform all acts necessary or advisable to complete an accurate accounting of assets of the Receivership Estate, and prevent unauthorized transfer, withdrawal, or misapplication of said assets.

   M.  Continue to be entitled to reasonable compensation for the performance of the Receiver's duties pursuant to this Order, including duties performed by the Receiver's agents, including accountants and lawyers, and for the cost of actual out-of-pocket expenses incurred by

them, from the assets of the Receivership Estate, at the hourly rate previously agreed to by the Receiver.

## VIII. RECEIVERSHIP TERMINATION

IT IS FURTHER ORDERED that:

A.    No later than 180 days from entry of the Order for Permanent Injunction, Monetary Judgment, and Other Relief having been entered as to all Defendants, the Receiver shall file and serve on the parties a report (the "Final Report") to the Court that details the steps taken to dissolve the Receivership Estate. The Final Report must include an accounting of the Receivership Estate's finances and total assets and a description of what other actions, if any, must be taken to wind down the Receivership.

B.    The Receiver shall mail copies of the Final Report to all known creditors of the Receivership Entities with a notice stating that any objections to paying any assets of the Receivership Entities to satisfy the Receiver's costs and expenses and the monetary judgment set forth in this Order must be submitted to the Court and served by mail upon the Receiver and the parties within 28 days of the mailing of the Final Report.

C.    No later than 14 days after submission of the Final Report, the Receiver shall file an application for payment of compensation and expenses associated with his performance of his duties as Receiver.

D.    The Court will review the Final Report and any objections to the report and, absent a valid objection, will issue an order directing that the Receiver:

1. Pay the reasonable costs and expenses of administering the Receivership, including compensation of the Receiver and the Receiver's personnel authorized by Section VII of this Order or other orders of this Court and the actual out-of-pocket costs incurred by the Receiver in carrying out his duties;

       2.   Pay all remaining funds to the Commission or its designated agent to reduce the monetary judgment in Section IV.

E.      With Court approval, the Receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a supplemental application. If the Receiver does not make a supplemental application for fees and expenses within the specified period, or if funds remain in the reserve funds after the payment of fees and expenses approved by the Court in response to such a supplemental application, all funds in the reserve funds shall be immediately paid to the Commission or its designated agents.

F.      Any and all uncollected judgments obtained for the benefit of the Corporate Defendants shall be assigned to the Commission for further collection efforts.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 10 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of

receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the

Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury:

1.      Each Defendant must: (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which representatives of

the Commission may use to communicate with Defendant; (b) identify all of that

Defendant's businesses by all of their names, telephone numbers, and physical, postal,

email, and Internet addresses; (c) describe the activities of each business, including the

goods and services offered, the means of advertising, marketing, and sales, and the

involvement of any other Defendant (which Individual Defendants must describe if they

know or should know due to their own involvement); (d) describe in detail whether and

how that Defendant is in compliance with each Section of this Order; and (e) provide a

copy of each Order Acknowledgment obtained pursuant to this Order, unless previously

submitted to the Commission.

2.      Additionally, each Individual Defendant must: (a) identify all telephone

numbers and all physical, postal, email and Internet addresses, including all residences;

(b) identify all business activities, including any business for which such Defendant

performs services whether as an employee or otherwise and any entity in which such

Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

     1.     name, including aliases or fictitious name, or residence address;

     2.     any designated point of contact;

     3.     title or role in any business activity, including any business for which the Defendant performs services whether as an employee or otherwise and any entity in which the Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; or

     4. the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's

full name, title (if applicable), and signature.

      E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Ecommerce Empire Builders, No. X250002.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 10 years. Specifically, Corporate Defendant and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

      A.      accounting records showing the revenues from all goods or services sold;

      B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

      C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

      D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

      E.      a copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**SO ORDERED this 8th day of May 2025.**

S/ WENDY BEETLESTONE

_____

WENDY BEETLESTONE, J.
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**
**FEDERAL TRADE COMMISSION**

Date: 5/R/2025

Amanda Grier (DC Bar No. 978573)
Ryan McAuliffe (MD Bar No. 2012170072)
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8543
Washington, DC 20580
Tel. (202) 326-3745
Fax: (202) 326-3044
agrier@ftc.gov
rmcauliffe@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR ALL DEFENDANTS:**

*Gregory Christianson*

Date: 05/02/2025

Greg Christiansen (*pro hac vice*)
Guardian Law
833 E. Pioneer Rd. Ste. 102
Draper, UT 84020
Tel. (844) 409-1122
greg@guardianlaw.com

Shawn McBrearty
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
Tel. (215) 574-0600
Fax: (215) 574-0310
smcbrearty@sidkoffpincusgreen.com

**DEFENDANT PETER PRUSINOWKSI,**
**a/k/a Peter Pru, Individually and as Owner and CEO of Empire Holdings Group LLC**
**d/b/a Ecommerce Empire Builders and Storefunnels.net**

Date: 2/28/25

Peter Prusinowksi

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr>
<td>

**FEDERAL TRADE COMMISSION**

  **Plaintiff,**

     **v.**

**EMPIRE HOLDINGS GROUP LLC d/b/a
ECOMMERCE EMPIRE BUILDERS and
STOREFUNNELS.NET AND PETER
PRUSINOWSKI a/k/a PETER PRU**

**Defendants.**

</td>
<td>

**Case No. 2:24-cv-04949-WB**

**ACKNOWLEDGMENT BY
AFFIDAVIT OF RECEIPT OF
ORDER BY DEFENDANT PETER
PRUSINOWSKI**

</td>
</tr>
</table>

    1.      My name is Peter Prusinowski, my job title is Chief Executive Officer, and I am authorized to accept service of process on Empire Holdings Group LLC. I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

    2.      I was a Defendant and Empire Holdings Group LLC was a Defendant in FTC v. Empire Holdings Group LLC, et al., which is the court case listed near the top of this page.

    3.      On [_____ __, 202_], I received a copy of the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief, which was signed by the Honorable Wendy J. Beetlestone and entered by the Court on [*Month* ___, 202_]. A true and correct copy of the Order that I received is attached to this Acknowledgment.

    4.      On [*Month* ___, 202_], Empire Holdings Group LLC received a copy of the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief, which was signed by the Honorable Wendy J. Beetlestone and entered by the Court on [*Month* ___, 202_]. The copy of the Order attached to this Acknowledgment is a true and correct copy of the Order it received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____, ___ 2025

                                        _____
                                        Peter Prusinowski
                                        Individually and as Owner and CEO of Empire
                                        Holdings Group LLC d/b/a Ecommerce Empire
                                        Builders and Storefunnels.net

State of _____,

City of _____

Subscribed and sworn to before me
this _____ day of _____, 2025.


_____
Notary Public

My commission expires:


_____