**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | : <br> : <br> : **Civil Action** <br> : <br> : **No. 2:24-cv-04949-WB** <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| **Plaintiff,** | |
| v. | |
| **EMPIRE HOLDINGS GROUP LLC d/b/a ECOMMERCE EMPIRE BUILDERS d/b/a STOREFUNNELS.NET and PETER PRUSINOWSKI,** | |
| **Defendants.** | |

**RECEIVER KEVIN DOOLEY KENT'S MOTION TO ENFORCE STRIPE INC.'S COMPLIANCE WITH STIPULATED PRELIMINARY INJUNCTION AND <u>STIPULATED PERMANENT INJUNCTION</u>**

**CLARK HILL PLC**
Robin S. Weiss, Esquire
Vanessa L. Huber, Esquire
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Phone: (215) 640-8500
Fax: (215) 640-8501
rsweiss@clarkhill.com
vhuber@clarkhill.com

*Attorneys for Receiver, Kevin Dooley Kent*

**I.     INTRODUCTION**

Kevin Dooley Kent, in his capacity as Receiver for Empire Holdings Group LLC, d/b/a Ecommerce Empire Builders and Storefunnels.net, Atlas Fund Limited Partnership, Atlas Fund Trust, Atlas Fund Land Trust, Empire Realty Holdings LLC, Empire Partner Network LLC, and Star Active Sports LLC (the "Receiver"), moves the Court to enforce Stripe Inc.'s compliance with of the provisions of the Stipulated Preliminary Injunction (ECF No. 49) (the "Preliminary Injunction") and the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief (ECF No. 78) (the "Permanent Injunction") that require Stripe to turn over assets of the Receivership Entities to the Receiver. As discussed in the Receiver's prior Written Reports and Fee Applications submitted to the Court, and as discussed in further detail below, there is currently $39,720.25 in a Stripe account belonging to Storefunnels (hereinafter the "Storefunnels Stripe Account") that the Receiver's counsel has repeatedly requested Stripe transfer to the Receivership Account following the Receiver's January 31, 2025 shutdown of Storefunnels. Despite countless follow-up requests by Receiver's counsel, however, to date Stripe has not transferred the balance of the Storefunnels Stripe Account to the Receivership Account or provided any indication that it will do so.

Accordingly, because Stripe's failure to turn over the balance of the Storefunnels Stripe Account to the Receiver is a direct violation of Section XIV of the Preliminary Injunction and prevents the Receiver from collecting assets of the Receivership Entities in accordance with his duties set forth in Section VII of the Permanent Injunction, the Receiver respectfully requests that the Court order Stripe to transfer the balance of the Storefunnels Stripe Account ($39,720.25) to the Receiver within ten (10) days of the entry of such Order. Additionally, the Receiver respectfully requests that the Court order Stripe to pay attorney fees for Receiver's counsel's time spent in connection with this Motion and as a sanction for Stripe's failure to comply with this Court's Orders,

based on a declaration that Receiver's counsel can submit to the Court evidencing the total time expended in connection with obtaining the relief requested herein.

## II.    BACKGROUND

Stripe is one of the payment processors through which Empire Holdings Group LLC ("Empire") conducted its business. Specifically, Empire had two separate Stripe accounts—one for Ecommerce Empire Builders ("EEB"), and one for Storefunnels.net subscription payments. Upon his appointment as Receiver, the Receiver assumed control of both the EEB and Storefunnels Stripe Accounts and notified Stripe of the TRO and Asset Freeze. *See* ECF No. 38 at 5, 11. The Receiver subsequently notified Stripe of the entries of the Order extending the TRO and the Preliminary Injunction. *See* ECF No. 54 at 9.

As indicated in prior Written Reports and Fee Applications submitted to the Court, the Receiver had to send two notice of non-compliance letters to Stripe in October 2024 due to, *inter alia*, their unilateral debiting of funds out of one of the EEB TD Bank accounts, in direct violation of the TRO and Asset Freeze. *See* ECF No. 38 at 9 n.11; ECF No. 54 at 9. After the Receiver sent the second notice of non-compliance letter to Stripe, counsel for Stripe contacted Receiver's counsel to work through the issues asserted in the non-compliance letters. In working through Stripe's noncompliance with the TRO with Stripe's counsel, Receiver's counsel confirmed, *inter alia*, that (1) Stripe would make efforts to reverse the withdrawal processed through the EEB Stripe Account,[1] (2) Stripe's closure of the EEB Stripe Account[2] would not in any way impact the Storefunnels Stripe Account, which had been continuing to collect Storefunnels subscription payments from individuals who had active websites on Storefunnels, (3) Stripe would pause

---

[1]  Stripe did in fact reverse the withdrawal and transferred the funds to the Receivership Account in January 2025. *See* ECF No. 70 at 13; ECF No. 72 at 8 n.6.

[2]  *See* ECF No. 38 at 14-15; ECF No. 54 at 21-22 (detailing Stripe's closure of the EEB Stripe Account on October 31, 2024).

payouts from the Storefunnels Stripe Account but would otherwise continue to allow Storefunnels subscription payments to process and accrue in the Storefunnels Stripe Account, and (4) once the Receiver and his agents formally took steps to shut down Storefunnels, the Receiver would then direct Stripe to transfer the balance of the Storefunnels Stripe Account to the Receivership Account.  *See* Oct. 30, 2024 Email Memorializing Call with Stripe's Counsel, attached hereto as Exhibit A; *see also* ECF No. 38 at 14; ECF No. 54 at 21-22, 56-57; ECF No. 70 at 8-9, 12-13; ECF No. 72 at 9.

Following the Receiver's shut down of Storefunnels on January 31, 2025—and in accordance with the aforementioned discussion with Stripe's counsel—Receiver's counsel emailed Stripe's counsel on February 17, 2025 to, *inter alia*, inform them of the Storefunnels shutdown and request that Stripe transfer the balance of the Storefunnels Stripe Account to the Receivership Account.  *See* Emails Regarding Balance Transfer Request at 5-6, attached hereto at Exhibit B.  After not receiving any response, Receiver's counsel sent follow-up emails to Stripe's counsel on February 25 and March 11, 2025.  *See id.* at 4-5.  On March 12, 2025, Stripe's counsel responded that "th[e] matter is being investigated."  *Id.* at 3.  On March 31, 2025, Receiver's counsel emailed Stripe's counsel to inquire about the status of their investigation and, shortly thereafter, Stripe's counsel responded that they would "inquire about updates for" Receiver's counsel.  *Id.* at 2.  On April 17, 2025, Receiver's counsel once again emailed Stripe's counsel asking for updates and, after not receiving any response, sent a final email to Stripe's counsel on May 1, 2025 reiterating the request to transfer the balance of the Storefunnels Stripe Account to the Receivership Account and that, if the funds were not transferred into the Receivership Account by May 9, 2025, Receiver's counsel would seek court intervention.  *See id.* at 1.

To date, Stripe's counsel has not responded to Receiver's counsel, and Stripe has not transferred the balance of the Storefunnels Stripe Account to the Receivership Account. Accordingly, the Receiver now files the instant Motion requesting that the Court order Stripe to transfer the funds to the Receivership Account or else it shall be subject to a contempt citation.

### III. ARGUMENT

Since his appointment as Receiver, the Receiver has been tasked with "tak[ing] exclusive custody, control, and possession" of the assets of the Receivership Entities. *See* ECF No. 19 § XII ¶¶ B-C; ECF No. 49 § XIII ¶ B; ECF No. 78 § VII ¶ E. Under the terms of the TRO and the Preliminary Injunction,[3] any person or entity with custody or control of property of the Receivership Entities is required to "fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of . . . [a]ll Assets held by or for the benefit of the Receivership Entities[.]" ECF No. 19 § XIII ¶ A; ECF No. 49 § XIV ¶ A. "In the event that any person or entity fails to deliver or transfer any Asset or Document . . . the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation." ECF No. 19 § XIII ¶ F; ECF No. 49 § XIV ¶ G.

"A federal court has at its disposal an array of means to enforce its orders . . . its powers include those furnished by federal rule . . . and by inherent authority." *Degen v. United States*, 517 U.S. 820, 827 (1996). "The details of these steps are committed to the discretion of the District

---

[3] The TRO and Preliminary Injunction have been the controlling court Orders throughout the time in which the Receiver has communicated with Stripe, and it is the Receiver's understanding that the terms of the Preliminary Injunction remain in full effect, as the Permanent Injunction only states that it has modified "[t]he asset freeze authorized by the Stipulated Preliminary Injunction" (ECF No. 78 § V ¶ F) and does not otherwise state it has modified or nullified any other terms of the Preliminary Injunction, particularly with regard to the Receiver's rights and obligations. Moreover, Stripe has since been notified of and served with a copy of the Permanent Injunction.

4

Court." *Id.*; *see also Greenfield Mills, Inc. v. Carter*, 2008 WL 4757323 at *1 n.1 (N.D. Ind. Oct. 29, 2008) ("It is axiomatic that the court possesses the inherent authority to enforce its own orders."); *S.E.C. v. AmeriFirst Funding, Inc.*, 2010 WL 997388, at *8 (N.D. Tex. Mar. 18, 2010) ("A federal court has inherent authority to ensure that its orders are enforced and carried out.").

A federal court "may act upon its inherent authority to preserve its ability to render an effective judgment, and it may exercise that authority to enjoin third parties from action threatening the viability of its order." *AmeriFirst Funding*, 2010 WL 997388, at *8 (citing *United States v. Texas*, 2005 WL 1868844, at *42 (E.D. Tex. Aug. 4, 2005)). This includes, *inter alia*, the authority to enforce receivership orders regarding receivership assets. *See id.* Even if a court finds that there are insufficient grounds to hold someone in civil contempt, such a finding "does not infringe upon the district court's authority to [preserve] receivership assets through other means, including enforcement of the . . . receivership order." *Whitcraft v. Brown*, 570 F.3d 268, 273 (5th Cir. 2009).

In *Fed. Trade Comm'n v. Productive Mktg., Inc.*, where a third party's refusal to relinquish receivership assets to the receiver would "unquestionably disrupt the court's power to enforce the permanent injunction" which provided for redress to defrauded consumers, the court held as follows:

> If the court cannot compel ACCPC to turn over assets in its possession belonging to the receivership estate, the Receiver will be unable to provide adequate redress to consumers who have been defrauded by Defendants. Because ACCPC's conduct imperils the court's ability to render an effective judgment, the court may properly enjoin it, even though it is not a party to the action.

136 F. Supp. 2d 1096, 1106 (C.D. Cal. 2001).

Here, as shown above and in the exhibits attached hereto, Stripe is actively violating this Court's Orders by failing to transfer the balance of the Storefunnels Stripe Account to the Receivership Account, despite Receiver's counsel's numerous requests to do so over the past four months. Stripe acknowledged the terms of TRO and Preliminary Injunction since as early as

5

October 30, 2024 when its counsel first communicated directly with Receiver's counsel and, during that October 30 communication, Stripe's counsel specifically acknowledged and understood that the Receiver would be requesting the transfer of the balance of the Storefunnels Stripe Account to the Receivership Account as soon as the Receiver formally shut down Storefunnels. *See* Ex. A. Stripe's counsel never told Receiver's counsel, during that October 30 communication or at any other point in time, that Stripe would not comply with the Receiver's transfer request or would otherwise object to the request; Stripe has simply gone silent. *See* Ex. B. Stripe has previously transferred funds to the Receivership Account, *see* Note 1, *supra*, so it clearly has the ability to transfer the balance of the Storefunnels Stripe Account as well.

Moreover, Stripe's failure to transfer the balance of the Storefunnels Stripe Account to the Receivership Account is stymieing the Receiver from completing his duties under the Permanent Injunction. *See* ECF No. 78 § VII ¶ B (directing the Receiver to "continue to collect, marshal, and take custody, control, and possession of all the funds . . . and other assets of, or in the possession or under the control of the Receivership Entities, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Receivership Entities."); *id.* § IV ¶ B(4), § VII ¶ E (directing the Receiver to "take exclusive custody, control, and possession of all assets identified in Section IV of th[e] Order[,]" which includes "[a]ll assets owned by the Receivership Entities, including . . . reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Corporate Defendants[.]").[4] The balance in the Storefunnels Stripe Account ($39,720.25) is the only significant amount of Receivership Assets that is not currently in the Receiver's direct control. The Receiver thus requests the Court's

---

[4] "'Corporate Defendants' means Empire Holdings Group, LLC, d/b/a Ecommerce Empire Builders and Storefunnels.net, and their successors and assigns." ECF No. 78, Definitions ¶ E(1).

assistance with mandating that Stripe transfer the funds to the Receivership Account, so that the Receiver can fulfill his duties under the Permanent Injunction.

## IV. CONCLUSION

For all of the foregoing reasons, the Receiver respectfully requests that this Court grant the instant Motion and order that Stripe Inc. turn over the entire balance of the Storefunnels Stripe Account ($39,720.25) to the Receivership Account within ten (10) days and, if it fails to do so, it shall be subject to a contempt citation. Additionally, the Receiver respectfully requests that the Court order Stripe to pay attorney fees for Receiver's counsel's time spent in connection with this Motion and as a sanction for Stripe's failure to comply with this Court's Orders, based on a declaration that Receiver's counsel can submit to the Court evidencing the total time expended in connection with obtaining the relief requested herein.

Respectfully Submitted,

Dated: May 30, 2025

*s/ Robin S. Weiss*
Robin S. Weiss, Esquire
Vanessa L. Huber, Esquire
**CLARK HILL PLC**
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Phone: (215) 640-8500
Fax: (215) 640-8501
rsweiss@clarkhill.com
vhuber@clarkhill.com

*Attorneys for Receiver,*
*Kevin Dooley Kent*