IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br>Plaintiff,<br><br>v.<br><br>**EMPIRE HOLDINGS GROUP LLC,**<br>**PETER PRUSINOWSKI,**<br>Defendants. | CIVIL ACTION<br><br><br><br>NO.  24CV4949 |

# O R D E R

**AND NOW**, this 12th day of November, 2025, upon consideration of Receiver Kevin Dooley Kent's Motion for Approval of Fourth Interim Fee Application for the Period March 1, 2025 through October 31, 2025 (ECF No. 88), it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** as follows:

1. The Receiver's Fourth Interim Fee Application is **APPROVED**.

2. Payment to Clark Hill PLC in the amount of $23,987.00, representing fees incurred for the Receiver's services performed between March 1, 2025 through October 31, 2025 is **APPROVED** and may be paid by the Receiver at this time.

3. Payment to Clark Hill PLC in the amount of $122,584.35, representing fees incurred for the Receiver's counsel's services performed between March 1, 2025 through October 31, 2025 is **APPROVED** and may be paid by the Receiver at the time.

4. Payment to Clark Hill PLC in the amount of $1,783.10, representing expenses incurred by Clark Hill PLC between March 1, 2025 through October 31, 2025 is **APPROVED** and may be paid by the Receiver at this time.

5. Payment to Alvarez & Marsal Disputes and Investigations, LLC in the amount of $49,092.50, representing fees incurred for the Receiver's accountant's services performed

between March 1, 2025 through October 31, 2025 is **APPROVED** and may be paid by the Receiver at this time.

6. Payment to Alvarez & Marsal Disputes and Investigations, LLC in the amount of $0.30, representing expenses incurred by the Receiver's accountant between March 1, 2025 through October 31, 2025, is **APPROVED** and may be paid by the Receiver at this time.

7. The Receiver is hereby authorized to hold back $200,000.00 in funds for up to two (2) years from the date of this Order, to serve as a reserve to cover additional fees and costs related to future actions of the Receiver and his agents to conclude the Receivership, as contemplated in Section VIII, Paragraph E of the Permanent Injunction Order (ECF No. 78).

8. Absent any timely submitted objections to the Receiver's Fifth/Final Written Status Report (ECF No. 87), and after (a) payment of the fees and expenses set forth in Paragraphs 2-6 above and (b) holding back the reserve funds pursuant to Paragraph 7 above, the Receiver shall transfer the remaining balance of funds in the Receivership Account to the Federal Trade Commission or its designated agent to reduce the monetary judgment entered in this matter, pursuant to Section VIII, Paragraph D of the Permanent Injunction Order (ECF No. 78).

BY THE COURT:

S/ WENDY BEETLESTONE
_____
WENDY BEETLESTONE, C.J.